CORRECTED:  SEPTEMBER 15, 2022

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ABDUL MOHAMMED,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-2052

---

Appeal from the United States Court of Federal Claims
in No. 1:22-cv-00673-CFL, Senior Judge Charles F. Lettow.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Abdul Mohammed moves for leave to proceed *in forma pauperis* (IFP).  Having considered the complaint, the judgment of the United States Court of Federal Claims, and Mr. Mohammed's corrected opening brief, we summarily *affirm*.

Mr. Mohammed filed a one-page complaint at the Court of Federal Claims seeking $1,000,000 for the "illegal seizure" of his "tort complaint pending with the General Counsel of the Administrative Office ["AO"] of the United States Courts" by the "refus[al] to investigate Plaintiff's torts complaint [and] to give any update." Compl. at 1. The Court of Federal Claims granted Mr. Mohammed IFP status and sua sponte dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Mr. Mohammed appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

Pursuant to § 1915(e)(2)(B)(ii), a court of the United States must dismiss an IFP action if the court determines that the action fails to state a claim on which relief may be granted. Summary affirmance is appropriate when the decision below "is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Here, the Court of Federal Claims was clearly correct that Mr. Mohammed's complaint, even liberally construed, failed to identify any source of law that obligated the AO to investigate his tort allegations, let alone any statute, regulation, or contract that mandated compensation by the United States for failure to comply with the alleged obligation. *See United States v. Navajo Nation*, 556 U.S. 287, 290 (2009).

Mr. Mohammed characterizes the AO's refusal to take action on his submission as a taking of his right to file a claim under the Federal Tort Claims Act ("FTCA"). *See* Appellant's Br. at 4–5; *see also* 28 U.S.C. § 2675(a). But he makes no cogent, non-frivolous contention that the wrongs alleged afford Mr. Mohammed rights that can be vindicated at the Court of Federal Claims. In fact, Mr. Mohammed asserts that he can still bring an action under the FTCA if an "agency" "failed to issue a final decision within six months of the date that the claim was presented." Appellant's Br. at 5.

Additionally, Mr. Mohammed's contention that the AO engaged in wrongful conduct in discharging official duties by failing to investigate and inform Mr. Mohammed about his claims clearly sounds in tort, such that the Court of Federal Claims could not grant him relief.  *See* 28 U.S.C. § 1491(a)(1) (no jurisdiction for claims arising in tort).

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is denied as moot.  No fee payment is required for this appeal.

(2)  Mr. Mohammed's corrected opening brief, ECF No. 10, is accepted for filing.

(3)  The judgment of the United States Court of Federal Claims is affirmed.

(4)  Each side shall bear its own costs.

FOR THE COURT

September 15, 2022                /s/ Peter R. Marksteiner
        Date                     Peter R. Marksteiner
                                 Clerk of Court